Lynda T. Bui - Bar No. 201002
Rika M. Kido - Bar No. 273780
**SHULMAN BASTIAN FRIEDMAN & BUI LLP**
100 Spectrum Center Drive, Suite 600
Irvine, California 92618
Telephone:    (949) 340-3400
Facsimile:    (949) 340-3000
Email:    LBui@shulmanbastian.com
    RKido@shulmanbastian.com

Attorneys for Charles W. Daff,
Chapter 7 Trustee

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA, RIVERSIDE DIVISION

| | |
|---|---|
| In re | Case No. 6:23-bk-14977-MH |
| **GRICELDA CAMPOS**, | Chapter 7 |
| Debtor. | Adv. No. |
| **CHARLES W. DAFF, solely in his capacity as the Chapter 7 Trustee for the bankruptcy estate of Gricelda Campos,**<br><br>Plaintiff,<br><br>vs.<br><br>**ANGEL DE JESUS AGUILAR CAMPOS, an individual**,<br><br>Defendant. | **CHAPTER 7 TRUSTEE'S COMPLAINT TO:**<br><br>**(1) AVOID AND RECOVER INTENTIONAL FRAUDULENT TRANSFER;**<br><br>**(2) AVOID AND RECOVER CONSTRUCTIVE FRAUDULENT TRANSFER;**<br><br>**(3) DISALLOW CLAIMS; AND**<br><br>**(4) UNJUST ENRICHMENT** |

Charles W. Daff, the duly appointed, qualified and acting Chapter 7 Trustee ("Trustee" or "Plaintiff") for the bankruptcy estate ("Estate") of Gricelda Campos ("Debtor") in the above-captioned bankruptcy case, alleges as follows:

## I. STATEMENT OF JURISDICTION AND VENUE

1. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334. Regardless of whether this proceeding is core, non-core, or otherwise, Plaintiff consents to the entry of a final order and judgment by the Bankruptcy Court.

2. This adversary proceeding arises out of and is related to Debtor's bankruptcy case, which was commenced through the filing of a voluntary petition for relief under Chapter 7 of the Bankruptcy Code by Debtor on October 26, 2023 ("Petition Date") in the United States Bankruptcy Court, Central District of California, Riverside Division.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1409, as this adversary proceeding arises under Title 11 or arises under or relates to a case under Title 11 which is pending in this District and does not involve a consumer debt of less than $22,700.00.

4. This action is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (H).

5. To the extent that the Plaintiff asserts claims under 11 U.S.C. § 544, the Plaintiff is informed and believes and based thereon alleges that there exists in this case one or more creditors holding unsecured claims allowable under 11 U.S.C. § 502 or are not allowable under 11 U.S.C. § 502(e), who can avoid the respective transfers as set forth hereinafter under California or other applicable law.

## II. PARTIES

6. Plaintiff is the duly appointed, qualified, and acting Trustee for Debtor's Estate.

7. Plaintiff is informed and believes and thereon alleges that Defendant Angel De Jesus Aguilar Campos ("Defendant"), is and was at all times relevant herein, an individual residing in the County of San Bernardino, State of California. Plaintiff is further informed and believes and thereon alleges that Defendant is the Debtor's son.

///

///

### III. GENERAL ALLEGATIONS

8. On October 26, 2023, Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code.

9. Charles W. Daff is the duly appointed, qualified and acting Chapter 7 trustee in the Debtor's bankruptcy case.

10. Plaintiff is informed and believes and thereon alleges that the Debtor has owned the real property located at 15640 Sequoia Avenue, Fontana, CA 92335 ("Property") since September 27, 2021.

11. The Debtor's bankruptcy petition listed the Property as her residence and her Bankruptcy Schedules A/B listed the value of the Property as $470,000.00.

12. Plaintiff is informed and believes and thereon alleges that pursuant to a Grant Deed recorded on April 6, 2023 (the "Grant Deed") in the San Bernardino County Recorder's Office as Document No. 2023-0080326, the Debtor conveyed a joint tenant interest in the Property to Defendant on April 6, 2023 (the "Transfer"). According to the Grant Deed, title is now held as "Gricelda Campos aka Gricelda Carolina Campos Alcala an unmarried woman and Angel de Jesus Aguilar Campos a single man as joint tenants." A true and correct copy of the Grant Deed is attached hereto as **Exhibit 1**.

13. Plaintiff is informed and believes and thereon alleges that the Debtor and Defendant recorded the Transfer in an attempt to fraudulently shield or diminish the value of assets in anticipation of filing for Chapter 7 bankruptcy.

### IV. FIRST CLAIM FOR RELIEF

**Avoidance and Recovery of Intentional Fraudulent Transfer**

**[11 U.S.C. § 544, 548(a)(1)(A), 550, 551; California Civil Code § 3439 et. seq.]**

14. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 13 and incorporates them in this Paragraph by reference.

15. Plaintiff is informed and believes and based thereon alleges that the Transfer was made on or within four (4) years of the Petition Date, but in no event longer than seven (7) years prior to the Petition Date.

16. Plaintiff is informed and believes and based thereon alleges that the Transfer was made to the Debtor's son, who is an insider of the Debtor.

17. Plaintiff is informed and believes and based thereon alleges that the Transfer was for substantially all of the Debtor's assets.

18. Plaintiff is informed and believes and based thereon alleges that the Debtor was insolvent or became insolvent shortly after the Transfer was made.

19. Plaintiff is informed and believes and based thereon alleges that the Transfer was made for no consideration.

20. Plaintiff is informed and believes and based thereon alleges that the Transfer was made with the actual intent to hinder, delay and defraud creditors, including Plaintiff.

21. Plaintiff is informed and believes and based thereon alleges that the Transfer was a fraudulent transfer avoidable under Bankruptcy Code Sections 544, 548 and California Civil Code Sections 3439.04, 3439.07, 3439.09.

22. Plaintiff may recover, for the benefit of the Estate, the Transfer, or the value of the Transfer, from Defendants or from whom entity for whose benefit the Transfer was made, or any immediate or mediate transferee of such initial transferee pursuant to 11 U.S.C. §§ 550, 551.

## V.    SECOND CLAIM FOR RELIEF

**Avoidance and Recovery of Constructive Fraudulent Transfer**

**[11 U.S.C. § 544, 548(a)(1)(B), 550, 551; Cal. Civ. Code § 3439 et. seq.]**

23. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 13 and incorporates them in this Paragraph by reference.

24. Plaintiff is informed and believes and based thereon alleges that the Transfer was made: (i) for less than reasonably equivalent value to Debtor or any value in exchange for said Transfer, (ii) while the Debtor was engaged or about to engage in a business transaction for which the remaining assets were unreasonably small in relation to the business or the transaction; (iii) while the Debtor intended to incur, or believed or reasonably should have believed she would incur, debts beyond her ability to pay them as they became due; and/or (iv) by the time that the Debtor was insolvent and/or was rendered insolvent by virtue of the Transfer.

25. Plaintiff is informed and believes and based thereon alleges that the Transfer was a fraudulent transfer avoidable under Bankruptcy Code Sections 544, 548 and California Civil Code Sections 3439.04, 3439.05, 3439.07, 3439.09.

26. Plaintiff may recover, for the benefit of the Estate, the Transfer, or the value of the Transfer, from Defendant or from whom entity for whose benefit the Transfer was made, or any additional subsequent transferee pursuant to 11 U.S.C. §§ 550, 551.

## VI. THIRD CLAIM FOR RELIEF

### Disallowance of Claims [11 U.S.C. § 502(d)]

27. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 26 and incorporates them in this Paragraph by reference.

28. Plaintiff is informed and believes and based thereon alleges that the Defendant received an avoidable transfer and Defendant is a party to which such transfer is recoverable pursuant to 11 U.S.C. §§ 550, 551.

29. Defendant has not paid the amount or turned over any such property for which the Defendant is liable pursuant to the Bankruptcy Code.

30. Pursuant to 11 U.S.C. § 502(d), to the extent Defendant files a claim, such claim should be disallowed.

## VII. FOURTH CLAIM FOR RELIEF

### Unjust Enrichment [11 U.S.C. § 105]

31. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 26 and incorporates them in this Paragraph by reference.

32. Defendant received a benefit through the Transfer and Defendant's retention of the Transfer and/or the value of the Transfer results in unjust retention of said benefit at the Estate's expense.

///

///

///

## VIII. PRAYER

**WHEREFORE**, the Trustee respectfully requests that this Court enter judgment as follows:

1. The Transfer is avoided and recovered under 11 U.S.C. § 544, 548, 550, 551 and/or Cal. Civ. Code §§ 3439 *et seq.*;

2. The Transfer is preserved for the benefit of the Estate pursuant to 11 U.S.C. § 551;

3. Disallowance of any claims of the Defendant if he fails or refuses to turn over the Property, and/or the value of the Property, pursuant to 11 U.S.C. § 502(d);

4. If appropriate, for an award of attorney's fees along with costs of suit incurred herein; and

5. For such other and further relief as the Court may deem just and proper under the circumstances of this case.

Respectfully submitted,

**SHULMAN BASTIAN FRIEDMAN & BUI LLP**

DATED: February 6, 2024    By:    /s/ Lynda T. Bui
                                  Lynda T. Bui
                                  Rika M. Kido
                                  Attorneys for Charles W. Daff, Chapter 7 Trustee

# EXHIBIT 1

JOSE VALDEZ

**RECORDING REQUESTED BY**
Gricelda C. Campos

**AND WHEN RECORDED MAIL DOCUMENT TO:**

NAME: Gricelda C. Campos

STREET ADDRESS: 15640 Sequoia Ave.

CITY, STATE & ZIP CODE: Fontana, CA 92335

Recorded in Official Records
San Bernardino County
Assessor-Recorder-County Clerk

**DOC# 2023-0080326**

04/06/2023 08:44 AM
SAN
I4311

Titles: 1    Pages: 3
Fees         $20.00
Taxes        $0.00
CA SB2 Fee   $0.00
Total        $20.00

SPACE ABOVE FOR RECORDER'S USE ONLY

## GRANT DEED

**Title of Document**

Pursuant to Senate Bill 2 – Building Homes and Jobs Act (GC Code Section 27388.1), effective January 1, 2018, a fee of seventy-five dollars ($75.00) shall be paid at the time of recording of every real estate instrument, paper, or notice required or permitted by law to be recorded, except those expressly exempted from payment of recording fees, per each single transaction per parcel of real property. The fee imposed by this section shall not exceed two hundred twenty-five dollars ($225.00).

☐ Exempt from fee per GC 27388.1 (a) (2); recorded concurrently "in connection with" a transfer subject to the imposition of documentary transfer tax (DTT).

☑ Exempt from fee per GC 27388.1 (a) (2); recorded concurrently "in connection with" a transfer of real property that is a residential dwelling to an owner-occupier.

☐ Exempt from fee per GC 27388.1 (a) (1); fee cap of $225.00 reached.

☐ Exempt from the fee per GC 27388.1 (a) (1); not related to real property.

**THIS COVER SHEET ADDED TO PROVIDE ADEQUATE SPACE FOR RECORDING INFORMATION**
($3.00 Additional Recording Fee Applies)

EXHIBIT 1

**RECORDING REQUESTED BY:**
Gricelda C. Campos

**WHEN RECORDED MAIL DOCUMENT AND TAX STATEMENT TO:**

Gricelda C. Campos
15640 Sequoia Ave.
Fontana, CA 92335

APN: 0233-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

THIS SPACE FOR RECORDER'S USE ONLY

## GRANT DEED

The undersigned Grantor(s) declare(s) that the **DOCUMENTARY TRANSFER TAX IS: $0.00 and CITY $0.00,**
XX computed on the full value of the interest of property conveyed, or
___ computed on the full value less the value of liens or encumbrances remaining thereon at the time of sale.
___ Unincorporated area      __XX___ City of Fontana
**FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,** Gricelda Campos AKA Gricelda Carolina Campos Alcala an unmarried woman

**HEREBY GRANT(S) to** Gricelda Campos AKA Gricelda Carolina Campos Alcala an unmarried woman and Angel de Jesus Aguilar Campos a single man as joint tenants.

All that real property situated in the City of Fontana, County of San Bernardino, State of California, described as:

Legal description attached hereto and made a part hereof as Exhibit "A"

**Commonly Known As:** 15640 Sequoia Ave. Fontana, CA 92335

April 4, 2023

_____
Gricelda C. Campos    AKA Gricelda Campos

---

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy or validity of that document

STATE OF CALIFORNIA
COUNTY OF San Bernardino
On April 4, 2023, before me, E. Ramos, a Notary Public
personally appeared Gricelda C. Campos
who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.
Signature _E. Ramos_    (SEAL)

E. RAMOS
COMM. #2357258
Notary Public - California
SAN BERNARDINO COUNTY
My Comm. Exp. MAY.12, 2025

MAIL TAX STATEMENTS AS DIRECTED ABOVE            **EXHIBIT 1**

## EXHIBIT 'A'

Lot 7 of Tract No. 4028, located in the City of Fontana, as per plat recorded in Book 52 of Maps, Page 3, records of the County of San Bernardino, State of California.

Together with the South 12.00 feet of the South 4.91 acres of the East one-half of Farm Lot 795, according to map showing subdivision of lands belonging to Semi-Tropic Land and Water Company, located in the City of Fontana, as per plat recorded in Book 11, of Maps, Page 12, records of said county.

Excepting therefrom any portion of said South 12.00 feet lying Westerly of the Northerly prolongation of the Westerly line of said Lot 7.

Excepting therefrom any portion of said South 12.00 feet lying Easterly of the Northerly prolongation of the East line of said Lot 7.

Said areas and distances of that portion of said Farm Lot 795 are measured to the street centers.

Said land described above pursuant to "Parcel D" of that certain Certificate of Compliance for Lot Line Adjustment recorded February 1, 2007 as Instrument No. 2007-0067432 of Official Records.

APN: 0233-222-33-0-000

EXHIBIT 1

**B1040 (FORM 1040) (12/15)**

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>CHARLES W. DAFF, solely in his capacity as the Chapter 7 Trustee for the bankruptcy estate of Gricelda Campos | **DEFENDANTS**<br>ANGEL DE JESUS AGUILAR CAMPOS, an individual |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>SHULMAN BASTIAN FRIEDMAN & BUI LLP<br>Lynda T. Bui; Rka M. Kido<br>100 Spectrum Center Drive, Suite 600, Irvine, CA 92618<br>Telephone: (949) 340-3400 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☐ Debtor   ☐ U.S. Trustee<br>☐ Creditor   ☐ Other<br>☒ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor   ☐ U.S. Trustee<br>☐ Creditor   ☒ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

CHAPTER 7 TRUSTEE'S COMPLAINT TO: (1) AVOID AND RECOVER INTENTIONAL FRAUDULENT TRANSFER; (2) AVOID AND RECOVER CONSTRUCTIVE FRAUDULENT TRANSFER; (3) DISALLOW CLAIMS; AND (4) UNJUST ENRICHMENT

### NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
[1] 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny
**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
[2] 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |
| Other Relief Sought | |

**B1040 (FORM 1040) (12/15)**

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | | |
|---|---|---|---|
| NAME OF DEBTOR<br>Gricelda Campos | BANKRUPTCY CASE NO.<br>6:23-bk-14977-MH | | |
| DISTRICT IN WHICH CASE IS PENDING<br>Central District | DIVISION OFFICE<br>Riverside Division | NAME OF JUDGE<br>Honorable Mark D. Houle | |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** | | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. | |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE | |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br>/s/ Lynda T. Bui | | | |
| DATE<br>02/06/2024 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Lynda T. Bui | | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form B1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.